# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Rukhsanah L. Singh |
| v. | : | No. 2023-MJ-14017 (RLS) |
| SPENCER CAUDLE | : | **CRIMINAL COMPLAINT** |

I, Brian Teague, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

<u>*s/ Brian Teague*</u>
Brian Teague
Special Agent
Department of Homeland Security
Homeland Security Investigations

Attested to me by telephone, pursuant to FRCP 4.1(b)(2)(A),

<u>June 26, 2023</u>           at   <u>District of New Jersey</u>
Date

Honorable Rukhsanah L. Singh
United States Magistrate Judge           *[signature]*
Name & Title of Judicial Officer          Signature of Judicial Officer

**RECEIVED**

JUN 2 6 2023

AT 8:30 _____M
CLERK, U.S. DISTRICT COURT - DNJ

## ATTACHMENT A

### COUNT ONE
### (Persuade, Induce, Entice, or Coerce a Minor into Sexual Activity)

On or about May 27, 2023, in the District of New Jersey, and elsewhere, the defendant,

SPENCER W. CAUDLE,

did knowingly, by means of a facility of interstate commerce, persuade, induce, entice, or coerce an individual who had not attained the age of eighteen years, to engage in sexual activity for which a person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2422(b).

### COUNT TWO
### (Travel with the Intent to Engage in Illicit Sexual Conduct with a Minor)

On or about May 26, May 27, and June 16, 2023, in the District of New Jersey, and elsewhere, the defendant,

SPENCER W. CAUDLE,

did knowingly travel in interstate commerce from Louisiana to New Jersey, for the purpose of engaging in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with another person, that is a sexual act, as defined in Title 18, United States Code, Section 2246, with a person under the age of eighteen years.

In violation of Title 18, United States Code, Section 2423(b).

### COUNT THREE
### (Possession of Child Pornography)

On or about June 16, 2023, in the District of New Jersey, and elsewhere, the defendant,

SPENCER W. CAUDLE,

did knowingly possess, and knowingly access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and any other material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce

and in and affecting interstate and foreign commerce by any means, including by computer, and which were produced using materials that were mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and Section 2.

## **ATTACHMENT B**

I, Brian Teague, am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). I have participated in this investigation, discussed this matter with other law enforcement officers, and have reviewed documents and other materials. Accordingly, I have personal knowledge of the facts set forth below. Because this criminal complaint is being submitted only for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause. Unless specifically indicated, all conversations and statements described in this complaint are related in sum and substance and in part, and all dates and figures are approximate.

1. At all times relevant to this Complaint, defendant SPENCER W. CAUDLE ("CAUDLE") was a resident of Louisiana.

2. Beginning in or around April 2023, CAUDLE, a 34-year-old male, and "CW," a 14-year-old female, began interacting on social media application Whisper.

3. After approximately one week of CAUDLE and CW communicating via Whisper, CAUDLE requested that they continue their communications via social media application Snapchat, to which CW agreed.

4. The conversations via online social media between CAUDLE and CW eventually became sexual in nature.

5. CW informed CAUDLE that she was 14 years old, to which CAUDLE responded that their interactions were risky, but continued communicating with CW in a sexual manner. Despite CW making her minor status clear to CAUDLE throughout their conversations, CAUDLE continued to discuss his desire to have sexual intercourse with her.

6. On May 21, 2023, for example, CAUDLE described in detail his intent to have sexual intercourse with CW through Snapchat messages.

7. CAUDLE even informed CW that he wanted to meet CW in-person to have sexual intercourse but expressed being nervous about being on the show "To Catch a Predator." Moreover, CAUDLE informed CW that he lived outside of New Jersey, which made scheduling an in-person meeting difficult. CAUDLE finally, however, made plans with CW to meet on May 27, 2023.

8. On or about May 26, 2023, CAUDLE drove from his home in Louisiana towards New Jersey.

9. At approximately 6:15 P.M. on May 27, 2023, CAUDLE checked in at the Clarion Hotel in Toms River, New Jersey.

10. Later that evening, CAUDLE and CW exchanged Snapchat messages to arrange an in-person meeting. Shortly thereafter, CAUDLE and CW met at the Ocean County Mall in Toms River, New Jersey.

11. After spending time together at the mall, CAUDLE drove CW in his black Cadillac SUV to a nearby restaurant for dinner. CAUDLE told CW that his vehicle was covered in bugs from the long drive to New Jersey.

12. At approximately 10:30 P.M., CAUDLE arrived at the Clarion Hotel with CW. Before arriving at the hotel, CAUDLE made clear to CW his intention of having sexual intercourse with her that evening.

13. While in the hotel room, CAUDLE performed cunnilingus on and digitally penetrated CW's vagina while she lay on a bed.

14. As CAUDLE performed these sexual acts, CW noticed that her sister was calling her. CW answered her phone, got off the bed, and went to the bathroom, which ended the sexual acts.

15. CW's sister asked CW for her current location and activities. CW told her sister that she was at the hotel with a man named Spencer whom she met online. CW's sister instructed CW to leave the hotel room and stay on the phone with her. In response, CW left the hotel room, went to the hotel lobby, and waited at the hotel for family to arrive.

16. In turn, CAUDLE left the hotel room with his belongings and departed in his black Cadillac SUV.

17. At approximately 10:46 P.M., local law enforcement was alerted to CW's potential location at the Clarion Hotel with an adult male, possibly named Spencer. Shortly thereafter, the officers arrived at the hotel. Upon arrival, the officers spoke with hotel staff and learned that "Spencer Caudle" had checked in room 252. While the officers were enroute to the room, they made contact with CW, who was on the phone with her sister.

18. CW informed the officers that CAUDLE had already left the hotel and the officers were unable to locate him in the area. At approximately 11:19 P.M., CW's mother arrived at the hotel. That evening, CW was interviewed by law enforcement and again on June 2, 2023.

19. Per CW's and her mother's consent, a law enforcement officer, acting in an undercover capacity ("UC-1"), assumed CW's online and cellular presence to communicate with CAUDLE.

20. During June 2023, UC-1, portraying CW, was successful in establishing and facilitating communication with CAUDLE.

21. While CAUDLE and UC-1 exchanged messages via Snapchat, CAUDLE expressed that he was "paranoid" when he left the Clarion Hotel and inquired as to whether CW's mother spoke to anyone about the incident. He admitted that it took him approximately 18 hours to drive home from New Jersey.

22. CAUDLE told UC-1 that if he thought his time with her (i.e., CW) was going to be short, he would have gone "straight for the goal." He also confirmed his sexual acts of performing cunnilingus on and digitally penetrating CW's vagina on May 27, 2023. He elaborated on the additional sexual acts that CW did not get to experience while they were together, including the use of stimulating devices. He even made clear his intentions to come back to New Jersey to meet with CW again to have sexual intercourse.

23. CAUDLE and UC-1 eventually made plans for CAUDLE to fly from New Orleans, Louisiana to the Newark Liberty International Airport in New Jersey on June 16, 2023 for the purposes of CAUDLE meeting with whom he believed was CW to have sexual intercourse.

24. During his conversations with UC-1 leading up to his arrival, CAUDLE advised that he would be bringing a multitude of sexually stimulating devices to try with CW. CAUDLE even mentioned wanting to take CW to a sex shop so she could select a sexually stimulating device for herself.

25. CAUDLE advised UC-1 that he would bring to New Jersey his laptop which had capabilities to manipulate the location-related data associated with CW's cell phone to evade suspicion from her parents. He went on to explain that he would rent a car with local license plates, so that he did not look suspicious, and planned to pick CW up near her house. Moreover, CAUDLE provided UC-1 a New Jersey telephone number that he had attached to a Google Voice account and offered to text CW's parents as one of her friend's parents to ensure that they would not be caught.

26. On June 15, 2023, CAUDLE was charged with the following in Toms River, New Jersey Municipal Court in Ocean County related to the above forementioned conduct and investigation:

   a. WITHIN THE JURISDICTION OF THIS COURT, CAUSED OR PERMITTED "CW", [CW's date of birth reflecting her status as

being 14-years-old], TO BE PORTRAYED IN A SEXUALLY SUGGESTIVE MANNER, KNOWING, HAVING REASON TO KNOW, OR INTENDING THAT THE PORTRAYAL MAY BE FILMED, SPECIFICALLY BY REQUESTING "CW" TO ELECTRONICALLY SEND VIDEOS PORTRAYING "CW" IN A SEXUALLY SUGGESTIVE MANNER, IN VIOLATION OF N.J.S. 2C:24-4B(3) (A FIRST DEGREE CRIME).

b. WITHIN THE JURISDICTION OF THIS COURT, COMMIT SEXUAL ASSAULT BY COMMITTING AN ACT OF SEXUAL PENETRATION UPON "CW", [CW's date of birth reflecting her status as being 14-years-old], WHEN "CW" WAS AT LEAST 13 BUT LESS THAN 16 YEARS OLD WHILE THE DEFENDANT WAS 20 YEARS OLDER THAN "CW", SPECIFICALLY BY THE DEFENDANT PERFORMINIG CUNNILINGUS ON "CW", AND DIGITALLY PENETRATING HER VAGINA, IN VIOLATION OF N.J.S. 2C:14-2C(4) (A SECOND DEGREE CRIME).

c. WITHIN THE JURISDICTION OF THIS COURT, ATTEMPT TO LURE OR ENTICE "CW", [CW's date of birth reflecting her status as being 14 years old], VIA ELECTRONIC MEANS, WHEN "CW" WAS LESS THAN EIGHTEEN YEARS OLD, TO MEET AT THE OCEAN COUNTY MALL WITH A PURPOSE TO COMMIT 2C:14-2C(4) AGAINST THE VICTIM, SPECIFICALLY BY THE DEFENDANT TRANSPORTING "CW" TO THE CLARION HOTEL IN VIOLATION OF N.J.S. 2C:13-6A (A SECOND DEGREE CRIME).

d. WITHIN THE JURISDICTION OF THIS COURT, ENDAGERED THE WELFARE OF A CHILD BY HAVING ENGAGED IN SEXUAL CONDUCT WITH CW [CW's date of birth reflecting her status as being 14-years-old], WHICH WOULD IMPAIR OR DEBAUCH THE MORALS OF "CW", SPECIFICALLY BY THE DEFENDANT PERFORMING CUNNILINGUS UPON "CW" AND DIGITALLY PENETRATING HER VAGINA, IN VIOLATION OF N.J.S. 2C:24-4A(1) (A THIRD DEGREE CRIME).

e. WITHIN THE JURISDICTION OF THIS COURT, ATTEMPTED TO COMMIT THE CRIME OF SEXUAL ASSAULT BY PURPOSELY ENGAGING IN SEXUAL COMMUNICATION WITH WHO HE BELIEVED TO BE CW, MAKING ARRANGEMENTS TO PICK UP CW NEAR HER HOUSE, AND COORDINATING FLIGHT AND HOTEL ACCOMODATIONS IN ORDER TO ENGAGE IN SEXUAL CONDUCT, SPECIFICALLY VAGINAL INTERCOURSE WITH CW, AN INDIVIDUAL HE KNOWS IS LESS THAN 16 YEARS OF AGE AND HE IS AT LEAST FOUR YEARS OR OLDER, BY

PURPOSELY ENGAGING IN CONDUCT WHICH WOULD CONSTITUTE THE CRIME IF THE ATTENDANT CIRCUMSTANCES WERE AS A REASONABLE PERSON WOULD BELIEVE THEM TO BE , IN VIOLATION OF N.J.S. 2C:5-1A(1) AND N.J.S. 2C:14-2(C)(4) (A SECOND DEGREE CRIME).

27. On June 16, 2023, CAUDLE did, in fact, arrive at the Newark Liberty International Airport from a flight originating in New Orleans, Louisiana. While CAUDLE was in the airport, he was arrested by law enforcement.

28. While in the airport, law enforcement conducted a lawful search of the luggage in CAUDLE's possession. Law enforcement located, among other items within CAUDLE's possession, a cellular phone, two laptop computers, a USB flash drive for data storage (commonly referred to as a "thumb drive"), several intimate massagers, a tube of arousal gel labeled as intended for females, and a box of condoms.

29. While conducting a lawful search of one of the laptops, law enforcement identified at least ten images and five videos of child pornography involving prepubescent children.